**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **P.N.B.,** | : | |
| **Petitioner,** | : | |
| **v.** | : | **Case No. 4:25-cv-515-CDL-CHW** |
| **Warden, STEWART DETENTION CENTER,** | : | |
| **Respondent.** | : | |

# ORDER

Pending before the Court is a motion for leave to appeal *in forma pauperis* (ECF No. 27) filed by counsel for Petitioner, a detainee in the Stewart Detention Center in Lumpkin, Georgia. Petitioner seeks to appeal from the Court's June 9, 2026 Order adopting the Report and Recommendation of the United States Magistrate Judge and granting Respondent's motion to dismiss Petitioner's federal habeas corpus petition (ECF No. 18).

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1] If the trial court

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that she is entitled to redress, and a statement of the issues

certifies in writing that the appeal is not taken in good faith, however, such appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A party demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353 (11th Cir. 2021). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the [petitioner] 'has little or no chance of success.'" (citations omitted)). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Petitioner does not appear to have included a statement of the issues she intends to appeal in her motion, as is required under Fed. R. App. P. 24(a)(1)(C). After reviewing

---

which the party intends to present on appeal. Fed. R. App. P. 24(a). While "§ 2241 proceedings, and appeals of those proceedings, are not 'civil actions' for purposes of 28 U.S.C. §§ 1915(a)(2) and (b)," a detainee such as Petitioner "seeking to proceed in forma pauperis with his or her § 2241 petition remains obligated to comply with, and is subject to, all of the other provisions of 28 U.S.C. § 1915." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

Petitioner's filings, however, the Court cannot say that this appeal is necessarily frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that "a Rule 24(a)(1)(c) statement of reasons is not universally necessary"; if the arguments to be advanced on appeal are obvious, for example, then decisions regarding good faith can be made by looking at the "reasoning in the ruling sought to be appealed" instead of requiring a statement from the putative appellant). It also appears that Petitioner cannot now pay the appeal fee. Petitioner's motion for leave to appeal *in forma pauperis* (ECF No. 27) is accordingly **GRANTED**.

**SO ORDERED**, this 6th day of November, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA